

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| STEPHEN SANTOS, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 0:24-3381-MGL |
| | § | |
| JUDGE COREEN KHOURY, CHESTER | § | |
| COUNTY FAMILY COURT, GOVERNOR | § | |
| HENRY MCMASTER, and TRIPP RUSH | § | |
| (GUARDIAN AD LITEM), | § | |
|     Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Stephen Santos (Santos), who is representing himself, brought this civil action against Defendants Judge Coreen Khoury (Judge Khoury), Chester County Family Court, Governor Henry McMaster (Governor McMaster), and Tripp Rush (Guardian Ad Litem) (Rush) (collectively, Defendants). He alleges violations of his due process rights under 42 U.S.C. § 1983 (Section 1983).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendants' motions to dismiss. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 8, 2025.  Santos objected on January 27, 2025, Governor McMaster replied on February 4, 2025, and Rush replied on February 5, 2025.  The Court has carefully reviewed Santos's objections but holds them to be without merit.  It will therefore enter judgment accordingly.

In June 2021, Judge Khoury presided over a custody trial between Santos and his now-ex-wife, Kimberly, in the Chester County Family Court.  Santos sought visitation with, and/or custody of, his children.  But, Judge Khoury ordered Santos to satisfy certain conditions.  Such conditions included hiring Rush as a guardian ad litem, permitting his children to be evaluated by a counselor, participating in coparenting counseling, complying with all recommendations given by Rush and other providers, and completing a parental fitness evaluation.

Because Santos has never been deemed unfit or unqualified to parent, he asserts Judge Khoury, in imposing the above conditions, "recklessly ignore[d] [his] rights to immediately access and parent [his] children."  Complaint at 6.  Santos contends Governor McMaster, as chief of the state's executive branch, is responsible for Judge Khoury's unconstitutional actions.  *Id.* at 6.

Santos further asserts Rush, as guardian ad litem for his children, "willfully participated and colluded in an illegal . . . scheme to wrongfully persuade actions to prevent [his] parenting rights by legal deceptions that resulted in the prevention of [his] rights to parent [his] children[.]"  *Id.*

Judge Khoury issued a final custody order in August 2021. Kimberly later filed a separate action for custody modification. The modification action remains pending before the Chester County Family Court.

The Magistrate Judge, as noted above, recommends the Court grant Defendants' motions to dismiss. Santos objects on several grounds.

First, Santos challenges the Magistrate Judge's invocation of the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) (explaining a federal district court lacks authority to review the final determination of a state court); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (same).

As the Magistrate Judge explained, however, "[t]he *Rooker-Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court[,] but also of constitutional claims that are 'inextricably intertwined with' questions ruled upon by a state court[.]'" *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).

Here, the Court agrees with the Magistrate Judge Santos's Section 1983 claims "ask this Court to find that unfavorable rulings issued in the [family court] custody action during the [June 2021] trial violated [his] constitutional rights." Report at 6. And, like the Magistrate Judge, the Court concludes such claims are "inextricably intertwined" with the resolved custody action.

Santos attempts to evade the *Rooker-Feldman* doctrine. Specifically, Santos maintains he "is not seeking review of the merits of the custody decision [by the family court]" and "is instead challenging the constitutionality of the procedural practices and policies employed" during the proceedings. Santos's Objection at 4. But, as the Magistrate Judge aptly noted, ruling on the constitutional issues Santos raises in his Section 1983 claims "would require the Court to find the

3

[family court]'s findings were erroneously entered" in violation of the *Rooker-Feldman* doctrine. Report at 7. So, the Court will overrule this objection

Santos next contests the Magistrate Judge's reliance on the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) (announcing a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances").

As per the *Younger* doctrine, "even if a federal court could exercise jurisdiction, it should refrain from doing so if (1) there is an ongoing state judicial proceeding that began prior to substantial progress in the federal proceeding, (2) that proceeding implicates important, substantial, or vital state interests, and (3) there is an adequate opportunity to raise constitutional challenges within the framework of the state judicial process." *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (citing *Middlesex City Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

The Magistrate Judge surmises Santos has an adequate opportunity to raise his claims in the pending modification action and any related appeal. Santos challenges the Magistrate Judge's deduction, arguing "the family court proceedings systematically violate [his] constitutional rights, including the right to due process and freedom from compelled speech, leaving no meaningful avenue for [him to] rais[e] these claims in state court." Santos's Objections at 5. But, Santos's Section 1983 claims oppose the constitutionality of the final custody action, rather than the pending modification action. And, absent from the complaint are any allegations the ongoing proceeding violates Santos's constitutional rights. As such, the Court will also overrule this objection, too.

Inasmuch as the above rulings are dispositive of Santos's claims, the Court determines it is unnecessary to consider his additional objections. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently

4

sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

Thus, after a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Santos's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' motions to dismiss are **GRANTED**. Inasmuch as Santos's claims are barred under the *Rooker-Feldman* and *Younger* abstention doctrines, the Court dismisses them without prejudice.

**IT IS SO ORDERED.**

Signed this 23rd day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Santos is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.